GUST ROSENFELD P.L.C.
One E. Washington, Suite 1600
Phoenix, Arizona 85004-2327
Telephone: 602-257-7422
Facsimile No. (602) 254-4878
John A. Nasr – 029343
jnasr@gustlaw.com

Attorneys for *Séan P. O'Brien, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| STINGER WELDING, INC., | Case No. 4:13-BK-03312-BMW |
| Debtor. | |
| SEAN P. O'BRIEN, Chapter 11 Trustee, | Adv. No. 4:15-ap-00176-BMW |
| Plaintiff, | |
| vs. | |
| SUPERIOR SUPPLY AND STEEL, a Louisiana corporation, | |
| Defendant. | |

## COMPLAINT

Séan P. O'Brien, solely in his capacity as the Chapter 11 Trustee of Debtor (the "**Plaintiff**"), as and for his Complaint against Superior Supply and Steel (the "**Defendant**") alleges as follows:

**I.    JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 544, 547, 548, and 550 and Bankruptcy Rules 7001, *et seq*.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H), and (O).

3. Venue is proper before this Court under 28 U.S.C. § 1409.

## II. PARTIES

4. Upon information and belief, Defendant is a Louisiana corporation authorized to do business in the State of Arizona.

5. On March 8, 2013, Stinger Welding, Inc. ("**Debtor**") filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

6. On March 22, 2013, the Court entered its Stipulated Agreement and Order Approving Appointment of Séan P. O'Brien as the Chapter 11 Trustee (the "**Chapter 11 Trustee**").

7. On March 29, 2013, the Court entered its Order Authorizing the Appointment of Gust Rosenfeld P.L.C. as counsel for the Chapter 11 Trustee.

8. The Plaintiff has the right, power, and duty to prosecute avoidance actions of the Debtor, where the claim arises under 11 U.S.C. §§ 544-551.

## III. ALLEGATIONS

9. On or about December 14, 2012, Debtor made a transfer of funds to Defendant in the aggregate amount of $23,094.71.

10. The above referenced transfer is avoidable as a Preferential Transfer, or in the alternative, is avoidable as a Fraudulent Transfer.

### COUNT ONE

(Preferential Transfers)

**11 U.S.C. § 547**

11. Plaintiff restates, realleges, and incorporates by this reference all of the preceding paragraphs.

12. Under 11 U.S.C. § 547(b), Plaintiff may avoid any transfer of an interest of the debtor in property: (1) for the benefit of a creditor; (2) for or on account of an antecedent debt

owed by the debtor before the transfer was made; (3) while the debtor was insolvent; (4) made within 90 days prior to the petition date, or one-year prior to the petition date where the creditor is an insider; and (5) that enabled the creditor to receive more than it would have if the transfer had not been made and the case was filed under Chapter 7 of the United States Bankruptcy Code.

13. Debtor had an interest in the funds making up the transfer;

14. Upon information and belief, at the time of the transfer at issue Defendant was a creditor of Debtor.

15. Upon information and belief, Debtor made the transfer for the benefit of Defendant.

16. Upon information and belief, the transfer at issue was made for or on account of an antecedent debt owed by Debtor to the Defendant.

17. Upon information and belief, Debtor was insolvent at the time of the transfer at issue.

18. Upon information and belief, the transfer enabled the Defendant to receive a greater return on its claims that it would have if the transfer had not been made and the case was filed under Chapter 7 of the United States Bankruptcy Code.

19. Under 11 U.S.C. §§ 547(b) and 550, Plaintiff may avoid and recover the transfer from Defendant for the benefit of the creditors of the bankruptcy estate.

## COUNT TWO

**(Fraudulent Transfers)**

**11 U.S.C. § 548 and A.R.S. § 44-1001** *et seq.*

20. Plaintiff restates, realleges, and incorporates by this reference all of the preceding paragraphs.

21. Debtor had an interest in the funds making up the transfer.

22. Upon information and belief, Debtor made the transfer at issue to Defendant with the actual intent to hinder, delay, or defraud creditors within the meaning of A.R.S. § 44-1004(A) and 11 U.S.C. § 548(a)(1)(A).

23. Upon information and belief, Debtor received less than reasonably equivalent value in exchange for the transfer at issue.

24. Upon information and belief, Debtor was insolvent at the time of the transfer at issue or became insolvent as a result of the transfer at issue.

25. Upon information and belief, at the time of the transfer at issue Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which Debtor's remaining property constituted unreasonably small capital.

26. Under A.R.S. §§ 44-1004, 1005, and 1009, and 11 U.S.C. §§ 548 and 550, Defendant must turnover to Plaintiff any and all amounts that it received as a result of the transfer at issue.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant, as follows:

A. Avoiding the transfer at issue in the total amount of $23,094.71;

B. Directing Defendant, and any and all subsequent transferees of the transfer, to return the transfer to Plaintiff;

C. Awarding Plaintiff's reasonable attorneys' fees, which shall not exceed $3,000 if a default judgment is entered;

D. Awarding Plaintiff's reasonable costs incurred herein, which shall not exceed $350.00; and

E. For such other and further relief as this Court deems just and appropriate under the circumstances.

Dated this 6th day of March, 2015.

                                      **GUST ROSENFELD P.L.C.**

                                By: /s/ *John A. Nasr* – 029343
                                      John A. Nasr
                                      Attorneys for *Séan P. O'Brien, the Chapter 11 Trustee*